UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

PARIS PETTIFORD,

                         Plaintiff,

                                                              Case # 13-CV-436-FPG

v.

                                                              DECISION AND ORDER

C.O. MICHAEL HOSMER and
C.O. MATTHEW WILLIAMS,

                        Defendants.

Plaintiff Paris Pettiford ("Pettiford") has brought this suit under 42 U.S.C. § 1983, alleging that Defendants Michael Hosmer and Matthew Williams (collectively, the "Defendants"), who are Corrections Officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights by failing to protect him on April 1, 2013 at the Elmira Correctional Facility. ECF No. 1. Because Plaintiff failed to exhaust his administrative remedies before commencing this action, Defendants' Motion for Summary Judgment (ECF No. 36) is GRANTED, and this case is dismissed with prejudice.

DISCUSSION

      I.      <u>Summary Judgment Standard</u>

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). To establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

II.     The Exhaustion Requirement

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 … or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If an inmate fails to exhaust his administrative remedies, he is barred from commencing a federal lawsuit. *Martin v. Niagara County Jail*, No. 05-CV-00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit, "prisoners must complete the administrative review process

in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91.

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. In short, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC"). *See Id.* All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter*, 534 U.S. at 524).

It is undisputed that Plaintiff filed a grievance relating to this matter, and that it was presented to the facility superintendent. It is also undisputed that Plaintiff never filed an appeal with the CORC[1], and therefore did not complete the third step in the grievance process.

---

[1]     The Defendants Rule 56 Statement of Material Facts (ECF No. 36-1) contains the following relevant statements:
    43.    A further review of the grievance records indicated that the plaintiff did not file an appeal of the grievance to the C.O.R.C. as required under directive 4040. This is indicated upon review of the unsigned appeal statement. Hale Dec. ¶¶ 6.
    44.    A review of the CORC database list shows that there are no grievances listed for plaintiff's DIN Number 09-A-6253. Hale Dec. ¶ 8.

Despite not filing the required appeal with the CORC, Plaintiff argues that summary judgment is inappropriate for two reasons. First, he argues that the affidavits submitted in support of the summary judgment motion are from individuals not previously disclosed by the Defendants, so that evidence should be excluded pursuant to Fed. R. Civ. P. 37. Second, he argues that he should be excused from the exhaustion requirement because he was not represented by counsel when he filed his grievance.

III. Disclosure of Witnesses

Plaintiff argues that the witnesses (William A'Brunzo, Raymond Coveny, Jeffrey Hale and Paul Piccolo) who provided declarations to the Court regarding DOCCS' grievance records and confirming that CORC has no record of any grievance appeal from the Plaintiff should be precluded because they were not previously disclosed by Defendants. The Court disagrees.

Fed. R. Civ. P. 37(c)(1) permits the Court to preclude witnesses if a party fails to identify a witness if they are required to do so under Fed. R. Civ. P. 26(a) or (e). However, this case was exempt from the directives of Rule 26(a), since it was "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Even though Defendants were not required to initially[2] provide a Rule 26 disclosure, they nevertheless did so on February 28, 2014 (ECF No. 17), and while these specific individuals were not listed, the Court finds that to be of no moment. First, while the witnesses were not listed by name, the disclosure does state that Defendants' possible witnesses included "any and all correctional or medical personnel identified in plaintiff's medical record, grievances or correctional records may provide testimony and information to support defendants' defenses

---

Plaintiff has not submitted a statement of material facts to counter Defendant's Statement of Material Facts, and the Court therefore considers these facts alleged by Defendants – which are supported by citations to evidence in admissible form – to be undisputed, in accordance with Local Rule of Civil Procedure 56(a)(2). *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998).

[2]    The Complaint was filed *pro se* by Plaintiff on April 30, 2013. ECF No. 1. It was not until almost a year later, on March 31, 2014, that Plaintiff was represented by counsel. *See* ECF No. 20.

4

to plaintiff's claims and as to their involvement with regard to plaintiff's claims." ECF No. 17, at 2. Further, the Defendants' initial disclosure indicates that they intended to rely on the affirmative defense of non-exhaustion. That the disclosure did not list the exact names of the witnesses who provided affidavits regarding DOCCS' records is not material in this case. The complained of witnesses are not traditional fact witnesses, in that they did not see an incident take place and are not being presented to testify in that capacity. Rather, they are simply records custodians, who have prepared affidavits to authenticate records maintained by DOCCS. Further, the initial disclosures that Defendants provided include the Plaintiff's grievance records from DOCCS, including the Superintendent's grievance decision dated April 19, 2013. ECF No. 17, at 95 (Bates page 92). Notably, that document contains a section entitled "Appeal Statement" which provides that:

> If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

*Id.*

Below that language is a place for the inmate to advance his appeal to the CORC, and there are sections for the inmate and the grievance clerk to sign and date the form. *Id.* That section of the document is conspicuously blank. *Id.* Far from concealing the facts to support their affirmative defense of non-exhaustion, the record demonstrates that Defendants disclosed the relevant documents to Plaintiff. The Court finds that the failure to disclose the specific names of the records custodians who authenticated the documents for the purpose of this summary judgment motion was not required, and, in any event, was harmless.

Finally, while Plaintiff argues that he "may well have conducted additional discovery had these witnesses been disclosed in a timely fashion" (ECF No. 39, at 4), this conclusory statement is insufficient to defeat a summary judgment motion. The need for additional discovery to

5

properly contest a summary judgment motion is specifically addressed in Fed. R. Civ. P. 56(d), and "to request discovery under [Rule 56(d)], a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams,* 385 F.3d 236, 244 (2d Cir. 2004). Here, Plaintiff has submitted no such affidavit, and the memorandum of law fails to state any specific facts Plaintiff seeks to obtain, or how taking discovery from a records custodian could reasonably be expected to raise a genuine issue of material fact. For these reasons, the Court finds Plaintiff's arguments unpersuasive, and sees no basis to either preclude the record custodian witnesses or to find that additional discovery from these witnesses would have any material effect on the summary judgment motion.

IV. <u>Excusing the Failure to Exhaust</u>

Plaintiff also argues that "because plaintiff was not represented by counsel at the time he filed his initial grievance, or the time he filed his initial complaint in this Court, and failure to comply with the rules regarding exhaustion should be forgiven." ECF No. 39, at 8. Plaintiff provides no legal authority to support this argument.

It is beyond dispute that exhaustion under the PLRA is mandatory. *Woodford*, 548 U.S. at 85; *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA."). The PLRA is also clear that exhaustion must occur *before* bringing suit in district court. *See* 42 U.S.C. § 1997e(a). The Supreme Court explained the importance of this pre-suit exhaustion requirement:

> Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter*, 534 U.S. at 525 (internal quotations marks and citations omitted).

Notably, there is no requirement that an inmate be provided with counsel to file an internal grievance, nor is there any exception to the PLRA's mandatory language for grievances filed without the assistance of counsel. Nor can this Court excuse the Plaintiff's non-exhaustion based on this argument. As the Supreme Court recently held, the mandatory language of the PLRA "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016). Rather, "the only limit to [the PLRA's] mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id.* at 1862. Plaintiff has not argued that administrative remedies were unavailable to him, and indeed, the undisputed facts of this case reveal that Plaintiff filed a grievance and appeal that was taken to the Superintendent. As a result, Plaintiff's failure to completely exhaust his administrative remedies by appealing to the CORC is fatal to his case, and Defendants are entitled to summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 36) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States

Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of Court is directed to enter judgment and to close this case.

    IT IS SO ORDERED.

Dated: September 19, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court